UNITED STATES BANKRUPTCY COURT
Western District of Missouri

In re:                          )
                                )
SLVESTER EVERETT BOOKER         )
And                             )
ELLA MORNETT BOOKER,            )
            Debtors,            )
                                )   Case No. 08-42466-drd7
                                )
                                )   Chapter 7
                                )
                                )   DEBTOR'S ANSWER TO
                                )   MOTION TO DISMISS
                                )

### DEBTOR'S RESPONSE TO MOTION TO DISMISS UNDER SECTION 707(B) FILED BY THE UNITED STATES TRUSTEE

Comes Now Debtors, Slvester Everett Booker and Ella Mornett Booker, by and through her attorney of record, Jason C. Amerine, and answers the Motion to Dismiss as follows:

1. That on or about September 24, 2008, the United States Trustee filed a Motion to Dismiss pursuant to 11 USC §707(b)(3)(A) based on the Totality of the Circumstances and Bad Faith.

### I. DEBTOR'S RESPONSE TO UST INCLUDING SOCIAL SECURITY AS PART OF DEBTORS' DISPOSABLE INCOME:

2. The United States Trustee asserts that Debtor's would have a combined monthly income totaling $7,650.00, when combining Debtor's monthly income and their social security income.

3. Debtor's rebut UST's assertion, insisting their combined monthly income is only $6,450.28, since social security income should not be included in the combined

monthly income. Under 11 USC §101(b), current monthly income does not include any benefits received under social security act. Moreover, pursuant to 1325(b)(2), disposable income is current monthly income received by Debtors minus the amount reasonable and necessary to be expended for the Debtors and does not require social security income to be provided in a Chapter 13 payment. Therefore, the social security should not be included as part of their combined monthly income.

**II.)   DEBTOR'S RESPONSE TO UST'S ASSERTION OF DEBTORS CLAIMED EXPENSES BEING UNREASONABLE AND NECESSARY:**

    **A.) 401K:**

4.   The United States Trustee also had concerns about the amount that was deducted for Debtor's 401k contributions. Debtor rebuts UST's argument that this amount is for a savings accounts and not necessary for the support of the debtors. Debtors are both senior citizen's and need to continue to try and provide for their future in order to prevent a future bankruptcy and provide the fresh start intended by the bankruptcy process. Furthermore, although the 401k deductions are not given in a Chapter 7, it is allowed in a Chapter 13 as part of the means test. Also, other courts have allowed the 401k to be deducted on the means test under special circumstances, based on debtors' age, job reliability, ect. *In Re Skvorecz* 369 BR 638 (Bank.D.Colo 2007). Therefore, the 401k deductions are

excluded in the disposable income and not available to unsecured creditors.

**B.) Mortgage Payment:**

5.   The United States Trustee takes issue with the actual amount the debtor listed for monthly housing expenses. The Debtor's have been in this home and made payments since 2005.   Citi-financial Mortgage Company has no objections to the Debtor's keeping this property, since the Debtors have stayed current on their payments.

**C.) Vehicle Expense:**

6.   The United States Trustee also takes issue with the monthly expense of Debtor's vehicle.   Although the payment may be $668.00 above the suggested IRS standard, Debtors are each entitled to a vehicle but have chosen to share one.   Therefore, the amount allotted for each debtor to own a vehicle would not be more then the $1,268.00 current monthly expense. Moreover, under §707(b)(2)(a)(iii), Debtors are allowed to deduct the average monthly payment on account of secured debts.   There is no reasonable necessary standard under the Bankruptcy code on secured items.

**D.) Cell Phone Expense:**

7.   Each Debtor has a separate cell phone and the joint amended expense of $200.00 is not unreasonable.   Mr. Booker is a county appraiser and uses his cell phone for work purposes as well as personal use and is not reimbursed for the work related use.

**E.) Personal Expenses:**

8.  Debtors are entitled to the amended personal expenses of $85.00, Misc. Expenses of $75.00 and the household expenses of $50.00 as listed on Schedule J. These expenses include purchases of cleaning supplies for the home, personal hygiene care and other various toiletries. All of these expenses are necessary and reasonable.

9.  Debtor's concede that the third member in the Debtor's household is incarcerated and no longer living with them. However, approximately $350.00 to care for their son is sent each month. Schedule J has been amended accordingly to reflect such change in circumstances. However, Debtors are claiming the son on the Form B22A as a member of the household due to providing continuous monthly support for him although incarcerated.

**III.) Conclusion:**

10.  Debtors are living within their means and rebut UST's assertions that their expenses are excessive. As explained herein, the Debtors would not be required to turn over their social security income of $1,200.00 per month. The remaining $728.31 is already accounted for on their expenses in their amended Schedule J.

11.  Debtor's are acting lawfully and in good faith in filing a chapter 7 due to the information and

explanations herein.


WHEREFORE, Debtor respectfully requests this Court enter an order denying Trustee's Motion to Dismiss; and for such other and further relief as this Court deems necessary and proper.


RESPECTFULLY SUBMITTED,

Castle Law Office of Kansas City

By: /s/Jason C. Amerine_____
Jason C. Amerine #50857
818 Grand Blvd., Suite 700
Kansas City, MO 64106
P:  816-842-6200
F:  816-421-5403
Attorney for Debtor




**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing Answer to United States Trustee's Motion to Dismiss was served via electronic filing, on the following parties this October 20, 2008.

/s/Jason C. Amerine_____
Jason C. Amerine #50857


Office of the United States Trustee
Attn: Adam E Miller
Charles Evans Whittaker Courthouse

400 E 9th St, Room 3440
Kansas City, MO 64106