UNITED STATES BANKRUPTCY COURT
Western District of Missouri

In re:                                            )
                                                  )
Sylvester & Ella Booker,                          )
                    Debtors,                      )
                                                  ) Case No. 08-42466
                                                  )
                                                  ) Chapter 7

**DEBTOR'S REPLY BRIEF TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 707(B)**

Comes now Sylvester & Ella Booker, Debtors, by and through their attorney Jason C. Amerine files this Reply Brief to the United States Trustee's Motion to Dismiss under 707(b) and in support states as follows:

**FACTUAL BACKGROUND**

1) This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). Venue is proper pursuant to §§ 1408 and 1409.

2) That on or about June 19, 2008, Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code.

3) On or about July 29, 2008, Debtors meeting of creditor was held and continued to August 26, 2008, in order for amendments to be made to address concerns raised by the United States Trustee and the Chapter 7 Trustee.

4) On or about August 1, 2008, debtors filed their Amended Statement of Currently Monthly Income, also know as Form B22A along with amended schedules I and J

5) On or about September 25, 2008, the United States Trustee filed a Motion to Dismiss the

Debtors' Chapter 7 under 11 USC 707(b)(3) based on a totality of the circumstances indicating that the Debtors would be able to propose a suitable plan payment in a chapter 13 if the debtors were to surrender certain secured items and exercise a little belt tightening.

## DISCUSSION

## The "belt-tightening" requirement in Section 707(b) as suggested by the United States Trustee does not apply to above-median debtors.

6) Under the facts of this case, there does not appear to be any dispute that pursuant to 11 USC Section 707(b) that for an above median debtor the debtor's disposable income is determined by "currently monthly income" minus expenses specified under the National Standards and Local Standards and the debtor's actual monthly expenses for other expenses as allowed by the IRS.

7) The Trustee has no objections to the amount of "current monthly income"[1] listed on the Debtor's Form B22C. The issue is how the expense requirement of 707(b) applies to above median debtor's allowable deductions for monthly expenses on secured items.

8) The UST objects to the Debtors receiving their discharge in a chapter 7 and maintain that they can afford a suitable payment under chapter 13 of the bankruptcy code based on the Debtors expense deduction for a 2006 Lexus as it appears to be unreasonable under 11 USC Section 707(b) due to the amount of the expense. The UST contends that if the Debtors undergo some form of "belt-tightening" by surrendering the 2006 Lexus along with their primary residence then they would have sufficient funds available to pay the unsecured

---

[1] Currently monthly income is defined in 11 USC Section 101(10A)(A) as the average monthly income from all sources that the debtor receives without regard to whether such income is taxable income, derived during the 6-month period ending on the last day of the calendar month immediately preceding the date of the commencement of the case.

–2–

creditors.

9) Congress in revising 707(b) under the Bankruptcy Abuse Prevent and Consumer Protection Act attempted to provides some guidance and standardization for the Courts and Debtors in order to determine what income and expenses would allow a debtor to qualify for Chapter 7 relief.

10) Prior to the enactment of BAPCPA a debtor merely would subtract their actual monthly expenses reported on schedule J from the monthly income reported on schedule I and that would be his or her disposable income. In general if the debtor's income was at or below their monthly expense then the debtor would qualify for Chapter 7 relief.

11) Under Section 707(b) the debtor now takes a deductions for various secured items[2] under 707(b)(2)(A)(iii) as well as other expenses as determined by National and Local Standards under 707(b)(2)(A)(ii) from their income to determine if there is sufficient disposable income to repay their unsecured debts.

12) The United States Trustee suggests that there is a requirement based on this Court's ruling prior to the enactment of BAPCPA stating that a Chapter 7 Debtor's expenses would need to reflect some belt tightening or other reduction from pre-petition levels. In re Reeves 327 BR 436, 446.

13) . The United States Trustee suggests that the Debtors could under go some "belt tightening" by surrendering their home, which they have lived in since 2005 and maintained the monthly mortgage payments, and finding a cheaper place to rent, as well as, surrendering the more reliable form of transportation the debtors have and replace it with two additional vehicles.

---

2. Debtors are all the average monthly payments on account of secured debts which shall be the total amount

14) Congress did not impose any requirement as to the amount of the deduction on the debtor's various secured items nor did they impose such requirement on a debtor's allowed deductions under 707(b)(2) which they clearly knew how to do as evidence by the language in 11 USC 1325(b)(2)[3] in which they did impose a "reasonable and necessary" standard.

15) The failure to provide any such requirement on the debtor's allowable deduction for secured items under 707(b) does not require debtors in a Chapter 7 to undergo "belt tightening" provided they have no disposable income as determined by the Form B22A and the case was filed in good faith under 707(b)(3).

16) Debtors Form B22A shows a negative disposable monthly income of $131.82 after all allowed deduction under 707(b)(2) and for only those secured items which they debtors are proposing to maintain the payments on.

**Even if the Court imposes some form of "reasonable and necessary" requirement on above-median debtor's expenses the debtor's expense for the residence and 2006 Lexus is "reasonable and necessary"**

17) Debtors admit that the current monthly payment on the 2006 Lexus is $1,268.00 per month which is higher than the IRS standards for one vehicle. However, under the Form B22A the debtors would be allowed the ownership and operating expense deduction for two vehicles as this is a case in which both debtors are working. If the debtors were to maintain "reasonable vehicles" each with a lien, as suggested by the United States Trustee, the Debtors would be

---

scheduled as contractually due to the secured creditor in each month of the 60 months. In other words the contractual amount due of the 60 month period divided by 60.
3. For the purposes of this subsection, the term "disposable income" means current monthly income received by the debtor less amounts reasonably necessary to be expended for the support of the debtor or the debtor's dependents.

allowed a deduction under the IRS standards in the amount of $1,344.00 for the payment and maintenance on those vehicles, which is more than the debtors monthly car payment.

18) As debtors' have testified at the evidentiary hearing their reasoning for keeping the 2006 Lexus is that this is the more reliable vehicle the other vehicles the debtors have, primarily the 2001 Chrysler. Debtors also have another vehicle a 1993 Buick Skylark which they testified is not in useable condition. Debtors have given up the use of two other vehicles in order to keep the 2006 Lexus.

## CONCLUSION

19) The above arguments appear to support a plain-language analysis of §707(b) in that Congress has removes all discretion from the Courts in determining what expenses of an above-median debtor are allowed. Therefore an above-median debtor is allowed to deduct from their current monthly income only those expenses that are provided for under §707(b)(2)(A) and (B) and does not impose any such requirement on the debtor to undergo "belt-tightening" prior to or after the filing for chapter 7 relief.

20) Even if Court do impose a "belt-tightening requirement on above-median debtors' expenses, the debtors would still be entitled to Chapter 7 relief as they have demonstrated that the 2006 Lexus which they are proposing to keep is the more reliable source of transportation and less costly for the debtors to maintain.

Wherefore, for the foregoing reasons, the debtor respectfully requests the Court enter an order denying the UST Motion to Dismiss, and for such further relief as may be just and proper.

Respectfully submitted,

/s/ *Jason C. Amerine*
Jason C. Amerine, #50857

Castle Law Office of Kansas City, P.C.
818 Grand Blvd., Suite 700
Kansas City, MO 64106
(816) 842-6200
Attorney for Debtor

**Certificate of Mailing**

The undersigned hereby certifies that a true and accurate copy of the foregoing Reply Brief was mailed, postage prepaid to the following parties on January 6, 2009.

/s/ Jason C. Amerine
Jason C. Amerine #50857